H. W. ADAMS v. THE STATE.

No. 7434.   Decided December 20, 1922.

Rehearing denied January 17, 1923.

1.—Assault to Murder—Statement of Facts.
    Where the alleged statement of facts found in the record was not approved by the trial judge the same must be stricken out upon motion by the State.

2.—Same—Arrest of Judgment—Practice on Appeal.
    A motion in arrest of judgment must be filed within two days, and where it was not filed until after the expiration of a month from the date of the entry of the judgment, and nothing appeared that it was ever acted upon, the same will not be considered on appeal.

3.—Same—Motion for New Trial—Issue of Fact.
    Where it was asserted that appellant was deprived of counsel to represent him, etc., but there was no affidavit of other parties attached thereto and the motion was controverted by the State, and no evidence appeared thereon in the record the matter cannot be reviewed.

4.—Same—Rehearing—Presentation of Indictment—Transcript—Change of Venue.
    Where the original cause was removed upon change of venue to another county, objections to all matters of form must be presented prior to the

transfer of the case in accordance with the order granting the change of venue, and in the absence of objection the method or manner of returning or presenting the indictment, cannot be considered on appeal, and the matter should have been presented in the court below.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of assault with intent to murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*P. R. Rowe, for appellant.*—On question of insufficiency of verdict, Sheffield v. State, 1 Texas Crim. App., 640.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant stands convicted of assault with intent to murder upon his wife, his punishment being assessed at fifteen years in the penitentiary.

The State moved to strike out the purported statement of facts found in the record for the reason that it is not approved by the trial judge. An inspection of the statement of facts shows the State's motion to be well taken, and the statement of facts can not be considered. (See Sec. 596, Branch's Ann. P. C., p. 304, for collated authorities). No bills of exception appear in the record. The judgment was entered on June 5th. A motion in arrest of judgment, or so denominated a motion in arrest of judgment, was filed July 8th. Art 848 C. C. P., provides that a motion in arrest of judgment must be filed within two days. The one in question was not filed until after the expiration of a month from the date of the entry of the judgment. Nothing appears in the record to indicate that the motion in question was ever acted upon, and there is no bill of exception complaining at the refusal of the court to take action, or complaining at the action if any was taken.

The motion for new trial presents only two grounds: the first raises an issue of fact. It is asserted that appellant was deprived of counsel to represent him; that he had employed counsel who withdrew from the case upon the very day of trial. The motion is sworn to by appellant but no affidavits of other parties are attached thereto. This ground of the motion was controverted by the State. If any evidence was introduced upon hearing the motion, it does not appear in the record or by bill of exception. The mere assertion of a fact contained in the motion unsupported by proof of matters dehors the record, will not authorize this court to review the question. In fact, nothing is presented to this court for review. The second ground of appellant's motion for new trial is that the evidence is not sufficient to

support the verdict.  The statement of facts having been stricken out, that question, of course, can not be considered.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING

January 17, 1923.

LATTIMORE, JUDGE.—At a former day of this term an affirmance was ordered for reasons stated in our opinion.  Appellant now presents a motion for rehearing based upon the fact that certain statutory requirements regarding the manner of the presentation of an indictment and the making of certain orders in connection therewith, do not appear in the transcript on appeal in this record.  It is made to appear that this case originated in San Jacinto County, and upon appellant's motion for change of venue, same was transferred to Polk County.  It is required that objection to all matters of form, in such cases, be presented prior to the transfer of the case in accordance with the order granting a change of venue.  No objection based on the method or manner of returning or presenting the indictment appears to have been made in this case.  We could not tolerate the proposition that one might waive all these matters and go to trial upon an indictment regular in form and, seek to obtain acquittal under the charge, and if the trial went against him in such case, upon appeal he would be permitted to present objections to the manner and form of the presentation of the indictment and obtain favorable action at our hands. These are questions that should be presented in limine at a time when, if there be any sufficient ground shown, the court below can have the necessary orders entered nunc pro tunc or otherwise and pass upon the matters presented with the records before him.  These matters here complained of may have been and probably were in regular form as shown by the records of the District Court of San Jacinto County, and upon objection those facts could have been shown.  None of the questions now presented are of such fundamental character as to call for a reversal.

Appellant's motion for rehearing will be overruled.

*Overruled.*